IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No   CR 93-0098 VRW |
|     Plaintiff, | ORDER |
|     v | |
| CURTIS ADDISON, | |
|     Defendant. | |

        On May 28, 1993, a jury convicted defendant Curtis Addison of possession of cocaine with intent to distribute, possession of cocaine base with intent to distribute, being a felon in possession of a firearm and using and carrying a firearm during and in relation to drug trafficking crimes. Doc #73. On December 20, 1993, defendant was sentenced to concurrent terms of 240 months for counts one, two and three and a consecutive term of sixty months for count four followed by ten years of supervised released. Doc #108. On June 21, 1999, defendant's conviction on count four

was vacated and his sentence was reduced to 240 months accordingly. Doc #146.

On March 3, 2008, defendant filed a pro se motion, pursuant to 18 USC § 3582(c)(2), for a sentence reduction based on Amendment 706 to Appendix C of the United States Sentencing Guidelines Manual (USSG), which reduced certain base offense levels in USSG § 2D1.1(c) depending on the quantity of cocaine base ("crack") involved.  Doc #192.  Mark Goldrosen, Esq, who had represented defendant in another post-conviction matter, was appointed under the Criminal Justice Act (CJA) to represent the defendant in this matter.  A CJA "Appointment of and Authority to Pay Court Appointed Counsel" form was filed on June 16, 2008 signed by Chief Magistrate Judge James Larson appointing Goldrosen as defendant's counsel in this matter.  Doc #196.

On March 27, 2008, Goldrosen sent a letter to the court confirming that he had reviewed the court docket and had determined that defendant is not "eligible for relief under the amended crack guideline."  Doc #194.  Goldrosen determined that defendant was given a 240-month mandatory minimum sentence based on the amount of cocaine base possessed and defendant's prior conviction for a drug offense.  21 USC § 841(b)(1)(A).

On July 16, 2008, defendant sent to the court two more copies of his motion for a sentence reduction.  Doc #197, #198.

On July 25, 2008, the United States filed a motion to dismiss and/or strike defendant's motion for a sentence reduction on two bases.  Doc #199.  First, the United States argues that defendant is not eligible for relief under Amendment 706 because defendant was sentenced to a mandatory 240-month sentence based

**2**

1 upon a prior drug conviction.  See USC § 841(b)(1)(A).  Second, the
2 United States argues that defendant's court-appointed attorney
3 determined that there is no legal basis for the relief defendant
4 seeks, and the court has no obligation to entertain pro se motions
5 filed by a represented party.  See Abdulla v United States, 240 F3d
6 683, 686 (8th Cir 2001).

7     The court agrees with Goldrosen and the United States
8 that defendant was sentenced to the mandatory 240-month sentence
9 according to his prior drug conviction.  There is a minimum twenty-
10 year sentence for persons convicted of drug offenses described in
11 21 USC § 841(a) with a prior felony drug offense.  21 USC §
12 841(b)(1)(A).  Thus, Amendment 706 is not applicable to defendant.

13     Accordingly, the court DENIES defendant's motion for
14 sentence reduction.

16     IT IS SO ORDERED.

VAUGHN R WALKER
United States District Chief Judge