IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,         No   CR-93-0098 VRW

    Plaintiff,                      ORDER

    v

CURTIS ADDISON,

    Defendant.

_____/

        On May 28, 1993, defendant Curtis Addison was convicted of possession of cocaine with intent to distribute, possession of cocaine base with intent to distribute and being a felon in possession of a firearm.  Doc #73.  He was sentenced to concurrent terms of 240 months for all three counts.  Doc #108, Doc #146.

        On March 3, 2008, defendant filed a pro se motion pursuant to 18 USC § 3582(c)(2) for a sentence reduction based on Amendment 706 to Appendix C of the United States Sentencing Guidelines ("USSG") —— which reduced certain base offense levels under USSG § 2D1.1(c) depending on the quantity of cocaine base ("crack") involved.  Doc #192.  Chief Magistrate Judge James Larson

appointed attorney Mark Goldrosen under the Criminal Justice Act ("CJA") to represent defendant without defendant's knowledge or approval.  Doc #196, Doc #205.

      Goldrosen sent a letter to the court confirming that he had reviewed the court docket and determined that defendant is not "eligible for relief under the amended crack guideline" and that defendant was given a 240-month mandatory minimum sentence based on the amount of cocaine base possessed and defendant's prior conviction for a drug offense under 21 USC § 841(b)(1)(A).  Doc #194.

      The United States moved the court to dismiss and/or strike defendant's motion for a sentence reduction arguing that (1) the defendant is not eligible for relief under Amendment 706 because defendant was sentenced to a mandatory 240-month sentence based upon a prior drug conviction and (2) defendant's court-appointed attorney determined that there is no legal basis for the relief defendant seeks and the court has no obligation to entertain pro se motions filed by a represented party.  Doc #199 at 2.

      On August 18, 2008, the court entered an order upholding defendant's 240-month sentence based on the merits —— that defendant's prior drug conviction required a mandatory 240-month sentence —— and did not address the issue whether the court has an obligation to entertain pro se motions filed by a represented party.  Doc #203 at 3.

      On August 25, 2008, defendant, acting pro se, filed an opposition to the motion to strike in which he requested an extension of time to file an opposition and a reply to the government's motion arguing:

> It is the Government's position that as Addison's former attorney, Mr Goldrosen, was appointed by the Court to represent him on this matter, the Court has no obligation to entertain his pro se motion. Since Addison never requested this appointment of counsel and would have objected to such appointment, his Sixth Amendment right to counsel of choice is being violated.

Doc #205. Given that the motion has been denied, the court construes the August 25, 2008 filing as a motion for (1) reconsideration and (2) self-representation.

The Sixth Amendment provides a defendant the right to self-representation. <u>Faretta v California</u>, 422 US 806, 807 (1975). But the Supreme Court has limited this right to the defense of oneself at trial. <u>Martinez v Court of Appeal of California, Fourth Appellate District</u>, 528 US 152, 154 (2000). Because defendant seeks to represent himself in a motion for sentence reduction under 18 USC § 3582(c)(2) rather than to defend himself at trial, the Sixth Amendment is not applicable.

Even if the court were to allow defendant to proceed pro se, his motion for sentence reduction would be futile. In the August 18, 2008 court order, the court found that "defendant was sentenced to the mandatory 240-month sentence according to his prior drug conviction. There is a minimum twenty-year sentence for persons convicted of drug offenses described in 21 USC § 841(a) with a prior felony drug offense. Thus, Amendment 706 is not applicable to defendant." Doc #203 at 3 (internal citations omitted). Defendant's twenty-year sentence is a mandatory sentence based on his prior felony drug offense and is not solely based on the quantity of base cocaine involved in which Amendment 706 would be applicable.

3

For the foregoing reasons, defendant's request for leave to file a motion for reconsideration is DENIED and the motion for self-representation is also DENIED.

IT IS SO ORDERED.

                                                           */s/ Vaughn R Walker*

**VAUGHN R WALKER**
**United States District Chief Judge**